

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00174-CR

**COREY WHITTING,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 26519

---

## MEMORANDUM  OPINION

---

Corey Whitting entered a plea of guilty to the offense of obstruction or retaliation. The trial court deferred adjudication of guilt and placed Whitting on community supervision for two years and assessed a $1000 fine. On August 28, 2015, the State filed a motion to adjudicate, and on June 16, 2016, the State filed an Amended Motion to Adjudicate. Whitting entered a plea of true to some of the allegations in the State's Motion to Adjudicate and not true to others. After a hearing, the trial court found seven

of the allegations to be true, convicted Whitting of the offense of obstruction or retaliation, and assessed punishment at four years confinement and a $1000 fine.  We affirm.

Whitting's appointed counsel filed an *Anders* brief asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel informed Whitting of his right to submit a brief on his own behalf.  Whitting did not file a brief.  Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel.  *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); s*ee also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous."  *See Anders v. California*, 386 U.S. at; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988).  After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Accordingly, we affirm the trial court's judgment.

Counsel's request that he be allowed to withdraw from representation of Whitting is granted. Additionally, counsel must send Whitting a copy of our decision, notify Whitting of his right to file a pro se petition for discretionary review, and send this Court

a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4.

TEX.R.APP.P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed; motion granted
Opinion delivered and filed November 14, 2018
Do not publish
[CR25]

